**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

          Plaintiff,

v.                             Case No. 6:16-cv-2234-Orl-37DCI

DAVID M. DIAMOND; JANET M.
DIAMOND; SUNSET LAKE
HOMEOWNERS ASSOCIATION, INC.;
SUNTRUST BANK; UKNOWN
OCCUPANT(S);

          Defendants.

_____

DAVID M. DIAMOND,

          Third Party Plaintiff,

v.

SELECT PORTFOLIO SERVICING,
LLC,

          Third Party
          Defendant.

_____

**ORDER**

This cause is before the Court on its own motion.

On August 4, 2004, Defendants David Diamond ("**Mr. Diamond**") and Janet

Diamond ("**Mrs. Diamond**") obtained a loan to purchase their home (*See* Doc. 2

("**Foreclosure Complaint**").) In doing so, Mr. and Mrs. Diamond executed a promissory

note ("**Note**") secured by a mortgage ("**Mortgage**"). (*Id.* ¶ 3.) When Mr. and Mrs. Diamond

defaulted on the Note and Mortgage, Plaintiff Deutsche Bank National Trust Company

("**Deutsche Bank**") filed the Foreclosure Complaint in state court ("**Foreclosure Action**").

In a single responsive pleading filed in state court: (1) Mr. and Mrs. Diamond filed an answer to the Foreclosure Complaint, asserting four affirmative defenses (Doc. 3, pp. 1–4); (2) Mr. and Mrs. Diamond alleged six counterclaims ("**Counterclaims**") against Deutsche Bank for violations of the Florida Consumer Collection Practices Act ("**FCCPA**") and seek declaratory judgment (*id.* at 5–11); and (3) Mr. Diamond filed a third-party complaint ("**TP Complaint**") against Select Portfolio Servicing, Inc. ("**Select**"), the loan mortgage servicer, alleging five nearly identical violations of the FCCPA ("**FCCPA Claims"**) and two violations of the Fair Debt Collection Practices Act ("**FDCPA Claims**") (*id.* at 12–20).[1] In his TP Complaint, Mr. Diamond alleges that Select violated both federal and state law by: (1) sending a notice of default (Doc. 3-1 ("**Default Notice**")) and two Mortgage statements (Doc. 3-3 and Doc. 3-4, collectively "**Mortgage Statements**") in attempt to collect a debt; and (2) directly contacting him when Select knew Mr. Diamond was represented by counsel. (Doc. 3, pp. 13–19.)

On December 28, 2016, Select removed only the TP Complaint to this Court (*see* Doc. 1 ("**Notice**")), alleging that the Court had federal question jurisdiction in light of the FDCPA Claims asserted against it. (*Id.* at 3.) In its Notice, Select: (1) represents that the Court may consider the FCCPA Claims under its supplemental jurisdiction; and (2) attaches a copy of the Foreclosure Complaint for informational purposes only. (*Id.* at 4.) Nonetheless, the Foreclosure Complaint was docketed separately (Doc. 2) and is presently pending along with the Counterclaims and the TP Complaint. (*See* Doc. 3,

---

[1] The TP Complaint appears to identify eight counts; however, it begins with Count II, thus, there are only seven claims in total. (*See* Doc. 3, pp. 12–20.)

pp. 1–11.)

## STANDARDS

Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). The types of cases include: (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 ("**Federal Question Jurisdiction**")); and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" (28 U.S.C. § 1331 ("**Diversity Jurisdiction**")). Where Diversity or Federal Question Jurisdiction is established, the Court also may exercise "supplemental jurisdiction over all other claims that are so related to claims" within the Court's Diversity or Federal Question Jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367. In every case, this Court has a duty to "zealously insure that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Under the supplemental jurisdiction statute, a district court has jurisdiction "over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Claims arising from a "common nucleus of operative facts" necessarily involve "the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." *Palmer v Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1563–64 (11th Cir. 1994).

Removal jurisdiction exists where the Court would have had original jurisdiction

over the action filed in state court. 28 U.S.C. § 1441(a). Only the claims asserted in a plaintiff's complaint, determine whether a case "arises under" federal law for purposes of Federal Question Jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60, 66 (2009). And federal jurisdiction exists only when the federal question is presented on face of the complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987); *see also Lindley v. Fed. Deposit Ins. Corp.*, 733 F.3d 1043, 1050 (11th Cir. 2013). If an action includes a federal claim and a state law claim that is "not within the original or supplemental jurisdiction of the district court . . . then the entire action may be removed if the action would be removable without the inclusion of the [state law] claim." 28 U.S.C. § 1441(c)(1).

## DISCUSSION

The Court has Federal Question Jurisdiction over the FDCPA Claims. As such, Select contends that the Court may exercise supplemental jurisdiction over the FCCPA Claims under "§ 1367(a) and/or § 1441(c)" because the FCCPA Claims: (1) relate to the same set of facts as the FDCPA Claims; and (2) arise out of the same communications and concern overlapping subject matter. (*See* Doc. 1, ¶ 11.) But Select's contention fails to appreciate that § 1441(c) cannot apply if the FCCPA Claims are within the Court's supplemental jurisdiction. This is so because § 1441(c)'s utility is limited and "only comes into play when liberal state joinder rules permit a state court plaintiff to file *unrelated* state claims together with federal claims." *Fed. Nat'l Mortg. Ass'n v. Morris*, 118 F. Supp. 3d 1288, 1297 (N.D. Ala. 2015) (emphasis added).

Here, both the federal and state claims targeted the same individuals, the same debt, and the same property. (*See* Doc. 3-1; Doc. 3-3; Doc. 3-4.) Further, the Default Notice and the Mortgage Statements form the basis for both the FCCPA Claims and the

FDCPA Claims. Therefore, the FCCPA Claims are within the Court's supplemental jurisdiction under § 1367(a) because they arise out of the same nucleus of operative facts. *See, e.g.*, *Jean-Baptiste v. Bus. Law Group, P.A.*, No. 8:16-cv-2027-T-33AEP, 2016 WL 4163574, at *5 (M.D. Fla. Aug. 4, 2016); *see also Leblanc v. Advanced Credit Corp.*, No. 8:06-CV-7747T-27EAJ, 2007 WL 141173, at *4 (M.D. Fla. Jan. 16, 2007) (finding FCCPA claims and FDCPA claims to be part of a common nucleus of operative facts).[2] Thus, § 1441(c) is inapplicable here.

In contrast to § 1441(c), § 1441(a) provides the mechanism to remove *related* federal and state law claims. *See Morris*, 118 F. Supp. 3d at 1297. "[T]he federal claim [provides] a foothold in the district court, and supplemental jurisdiction [provides] the basis for subject matter jurisdiction over the state law claims." *Id.* (citing 16 J. Moore et al., *Moore's Fed. Practice* § 107.14[6][c] (3d ed. 2015)). As noted above, the FCCPA Claims and the FDCPA Claims are related, and removal of the TP Complaint is proper under § 1441(a).

Unfortunately for Select, a third-party defendant is not a "defendant" under § 1441(a); thus, it may not remove this action under that section.[3] *Hernando Pasco*

---

[2] *Bentley v. Bank of Am.*, 733 F. Supp. 2d. 1367, 1369 (S.D. Fla. 2011) (exercising supplemental jurisdiction over plaintiff's FCCPA claims under § 1367); *Reynolds v. Gables Residential Servs.*, 428 F. Supp. 2d 1260, 1264–65 (M.D. Fla. 2006) (recognizing that it could exercise supplemental jurisdiction over the plaintiff's FCCPA claims but declined to do so).

[3] *Stevenson v. Mullinax*, No. 4:15-CV-0007-HLM, 2015 WL 1252051, at *3 (N.D. Ga. Feb. 25, 2015) ("The majority of courts addressing the question of whether a third-party defendant is a 'defendant' within the meaning of [§ 1441(a)] . . . have overwhelmingly concluded that such third party defendants are not defendants entitled to remove under" that section); *Roberson v. Ala. Trucking Assoc. Workers' Compensation Fund*, No. 3:11CV933-SRW, 2012 WL 4477648, at *2 (M.D. Ala. 2012) (explaining that a third-party defendant was not entitled to remove an action under § 1441(a)); *Persoff v. Aran*, 792 F. Supp. 803, 804–05 (S.D. Fla. 1992) ("There is no reference to third-party

*Hospice, Inc. v. Meritain Health, Inc.*, No. 8:13-cv-353-T-33AEP, 2013 WL 3350886, at *3 (M.D. Fla. Jul. 2, 2013) (noting that, "§ 1441(a), by its terms, does not allow removal by a third-party defendant."); *see also Hayduk v. United Parcel Serv.*, 930 F. Supp. 584, 590 (S.D. Fla. 1996) (noting that § 1441(a) is restricted to the original defendant as joined by the plaintiff and declining to permit a third-party defendant to remove under § 1441(a)). Because Select was not entitled to remove the TP Complaint, remand is required. *See Fla. Dep't of Ins. ex rel W. Star Ins. Co. v. Chase Bank of Tex. Nat'l Assoc.*, 243 F. Supp. 2d 1293, 1296 (N.D. Fla. 2002) ("[W]hen a third-party complaint is filed as part of a larger case that is not itself removable, the third-party complaint also is not removable, even if it arises under federal law . . . and thus would be have been removable standing alone.") Because the TP Complaint is due to be remanded, the Court finds it appropriate to also remand the Foreclosure Complaint and the Counterclaims.

## CONCLUSION

Accordingly, the Clerk is **DIRECTED** to **REMAND** the following to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida and **CLOSE** the case:

1. Plaintiff Deutsche Bank National Trust Company's Verified Mortgage Foreclosure Complaint (Doc. 2).

2. Defendants David Diamond and Janet Diamond's Counterclaims against Counter-Defendant Deutsche Bank National Trust Company (Doc. 3, pp. 5–11).

3. Third Party-Plaintiff David Diamond's Third Party Complaint against Third-Party Defendant Select Portfolio Servicing, Inc. (Doc. 3, pp. 12–20).

defendants in § 1441(a)" but recognizing the authority to do so under § 1441(c)).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 14, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Circuit Court of the Eighteenth Judicial
Circuit in and for Brevard County,
Florida
Counsel of Record